Filed 1/21/21  P. v. Fuentes CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E075710 |
| v. | (Super.Ct.No. RIF1801666) |
| PEDRO JOAQUIN ROJAS FUENTES, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Samuel Diaz, Jr., Judge.

Affirmed.

Jill Kent, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

**FACTUAL AND PROCEDURAL HISTORY**

On March 4, 2020, an orally amended information charged defendant and appellant Pedro Joaquin Rojas Fuentes with lewd and lascivious acts with a child under the age of 14 (Jane Doe 1, hereafter Doe1) by use of force (Pen. Code, § 288, subd. (b); count 1); two counts of lewd and lascivious acts upon a child under the age of 14 (Jane

1

Doe 2, hereafter Doe2) (Pen. Code, § 288, subd. (a); counts 2 & 6); one count of forcible sodomy (Doe1) (Pen. Code, § 286, subd. (c)(2)(B); count 3); forcible oral copulation (Doe1) (Pen. Code, § 287, subd. (c)(2)(B); count 4), and a second count of forcible sodomy (Doe2) (Pen. Code, § 286, subd. (c)(2)(B); count 5). The amended information included a multiple-victim allegation (Pen. Code, § 667.61, subd. (e)(4)).

The court found factual bases for the plea in the information.

On the same day, pursuant to a plea agreement, defendant pled guilty to counts 3 through 6, in exchange for (1) an agreed-upon term of 40 years, and (2) dismissal of counts 1, 2, and the multiple-victim allegation.

On July 24, 2020, defendant asked to withdraw his guilty plea. The court ordered a closed hearing after which it appointed the public defender's office to determine whether a motion to withdraw the plea was warranted.

On September 3, 2020, the attorney from the public defender's office asserted a motion to withdraw was not warranted, stating: "I have reviewed the relevant transcripts as well as conducted investigation, done legal research. It is my opinion and belief that there is insufficient grounds pursuant to Penal Code section 1018 for a motion to withdraw the plea." The attorney went on to state that notwithstanding his belief, defendant was "still adamant that that's his wish and request. But as a matter of my legal opinion, I don't believe there's sufficient grounds to bring a motion." Thereafter, the trial court relieved the public defender's office and reappointed defendant's prior counsel for sentencing. Defendant stated he did not want his prior attorney. The trial court then asked the public defender's office to stand-in during the negotiated plea sentencing

2

hearing. Defendant did not object to the public defender representing him during the sentencing hearing.

Before sentence was pronounced, the trial court requested defendant initial a line on the plea agreement, which had previously been missed, indicating defendant understood he would be ordered to register as a sex offender under Penal Code section 290. Defendant declined to do so. The court then stated, "That's okay, because on March 4, 2020, . . . I informed you at the time that the plea was taken 'You will also be ordered to register as a sex offender for the rest of your life when you're released from prison.' So the Court did also inform the defendant on the date of his plea on March 4, 2020."

Pursuant to the terms of the plea agreement, the trial court then sentenced defendant to a term of 40 years, as follows: the upper term of 13 years for count 3, the lower term of eight years for count 4, the upper term of 13 years for count 5, and the middle term of six years for count 6. The court dismissed the remaining charges and struck the multiple-victim allegation.

On September 8, 2020, defendant filed a timely notice of appeal; the court granted defendant's request for a certificate of probable cause.

**DISCUSSION**

After defendant appealed, and upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 setting forth a statement of the case, a summary of the facts, and potential arguable issues, and has requested this

3

court to undertake a review of the entire record. Pursuant to *Anders*, counsel identified the following issues to assist the court in its search of the record for error:

1.     "Should appellant have been permitted to withdraw his plea at the July 24, 2020 hearing?"

2.     "Is the order that appellant register for life under [Penal Code] section 290 valid?"

We offered defendant an opportunity to file a personal supplemental brief, and he has not done so.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error. We are satisfied that defendant's attorney has fully complied with the responsibilities of counsel and no arguable issue exists. (*Id.* at p. 126; *People v. Wende*, *supra*, 25 Cal.3d at pp. 441-442.)

### DISPOSITION

The appeal is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER _____
Acting P. J.

We concur:


FIELDS _____
                                J.

MENETREZ _____
                                J.

4